IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRITT ALLEN JACOBS, )
)
    Plaintiff, )
)
v. ) Case No. 1:16CV1155
)
SANDRA MILLER, et al., )
)
    Defendants. )
)
)

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This prisoner civil rights action comes before the Court on an unopposed Motion for Summary Judgment [Doc. #17] filed by Defendants Sandra Miller, Lloyd Goins, Barbara Britt and Clint Gooselin ("Defendants"). Plaintiff Britt Allen Jacobs ("Plaintiff") is proceeding *pro se*. For the reasons set out below, Defendants' Motion for Summary Judgment should be granted, and this action should be dismissed with prejudice.

This action arises out of Plaintiff's allegations of "inhumane treatment" at the Scotland County Detention Center. Plaintiff alleges that his cell block was placed on lockdown due to flooding, that water to the cells was shut off for several days, and that he became dehydrated. (Complaint [Doc. #2] 2, 4.) Plaintiff pleads, inconsistently, that water to the cell block was turned off for 3 or 7 days. (Id. at 2, 4.) However, in the end Plaintiff alleges "me and my roommates made it through without/serious injuries." (Id. at 6.) Defendants filed an Answer denying that they acted unlawfully and denying that any prisoners were subjected to any unlawful conditions of confinement or were mistreated. Defendants sought and obtained

leave to depose Plaintiff at the Pasquotank Correctional Institution, the address listed for him in his last court filing [Doc. #4-1]. The docket reflects that copies of the Scheduling Order and an Order granting leave to conduct Plaintiff's deposition were mailed to Plaintiff on May 19 and June 19, 2017, respectively, but returned to the Court in July 2017, marked "Undeliverable, Attempted – Not Known, Unable to Forward" and "Return to Sender." The North Carolina Department of Public Safety's website shows that Plaintiff was released from custody on March 19, 2017, but Plaintiff has not notified the Court of his updated contact information.

Defendants filed their Motion for Summary Judgment on October 19, 2017. Defendants have presented affidavits stating that during the evening of August 24, 2016, prisoners at the Scotland County Detention Center began rioting, apparently to express dissatisfaction with the food served at dinner, that prisoners stuffed trash and other objects into the toilets causing them to back-up and overflow, that the water supply to the cell blocks was temporarily turned off while order was being restored and the facility cleaned and repaired, that water was restored two days later, that in the interim drinking water and other liquids continued to be provided to the inmates along with their regular meals, and that inmates were permitted to shower and perform personal hygiene each day. (Affidavit of Clinton Gooselin [Doc. #18-1] at 1-3; Affidavit of Sandra Miller [Doc. #18-2] at 1-3; Affidavit of Laura Prevatte [Doc. #18-3] at 1-3.)

The Court mailed Notice of the Motion to Plaintiff's address of record to inform him that a response was due within 30 days, that he may be required to file affidavits to dispute facts, and that the failure to respond "may cause the court to conclude that the defendant's

contentions are undisputed and/or that you no longer wish to pursue this matter." Plaintiff did not file an opposition.

Local Rule 7.3 provides that "[i]f a respondent failed to file a response [to a motion] within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR 7.3(k). In addition, Local Rule 11.1 requires that "[a] party appearing *pro se* shall keep the Court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff from the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days, thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 11.1(b).

Having reviewed the record in this case, the Court concludes that Plaintiff's claims are subject to dismissal. First, Plaintiff has failed to notify the Court of his current address and has failed to cooperate in discovery or otherwise participate in this case, and dismissal is therefore appropriate for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Local Rule 11.1. In addition, Plaintiff's claims are subject to dismissal pursuant to Local Rule 7.3 on Defendants' Motion for Summary Judgment in light of Plaintiff's failure to respond to the Motion. Moreover, having considered the Motion for Summary Judgment on the merits, the Court finds that Plaintiff has not presented any evidence that would create a genuine issue of material fact, and the undisputed evidence presented by Defendants reflects that there was no violation of Plaintiff's constitutional rights. Specifically, the evidence reflects that following a riot by prisoners at the Scotland County Detention Center, the water in Plaintiff's cell block was turned off for two days in order to restore order and clean up the flooded cells, and during

that time the prisoners were provided with water, milk and juice three times a day at meals and were also provided with additional cups of water in their cells on request and an opportunity each day to shower and take care of personal hygiene. Moreover, Plaintiff has not even alleged that he suffered any serious injury, nor is there evidence that he was exposed to a substantial risk of harm. In the circumstances, Plaintiff cannot establish that he was subjected to unlawful conditions of confinement or that Defendants were deliberately indifferent to an excessive risk to inmate health or safety. See Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) ("In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials."); see also Sandin v. Conner, 515 U.S. 472, 482–83 (1995); In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 469 (4th Cir.1999) ("Prison officials should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.")(internal quotation omitted). Therefore, Defendants are entitled to judgment as a matter of law.

For all of these reasons, the Court will recommend that Defendants' Motion for Summary Judgment be granted and that this case be dismissed.

IT IS THEREFORE RECOMMENDED that Defendants' Motion for Summary Judgment [Doc. #17] be GRANTED, and that this case be dismissed with prejudice.

This, the 14th day of February, 2018.

                                              /s/ Joi Elizabeth Peake
                                          United States Magistrate Judge